**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Domingo Pando ARANDA,
Defendant–Appellant.**

No. 05–40790.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 21, 2006.

James Lee Turner, Assistant U.S. Attorney, Us Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Domingo Pando–Aranda, Post, TX, pro se.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Domingo Pando Aranda (Aranda), federal prisoner # 41913–079, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) on appeal. Aranda seeks to appeal the district court's denial of his second "Motion for Relief" from his 1988 sentence based on *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court also denied Aranda's motion for leave to proceed IFP and certified that an appeal would not be taken in good faith.

Aranda's IFP motion is a challenge to the district's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997). He has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks omitted); *see United States v. Early*, 27 F.3d 140, 142 (5th Cir.1994); *United States v. Gentry*, 432 F.3d 600, 605–06 (5th Cir. 2005). Accordingly, the motion for leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2. Aranda is WARNED that the filing or prosecution of frivolous appeals in the future will subject him to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sanctions. *See* FED. R.APP. P. 38; *Clark v. Green*, 814 F.2d 221, 223 (5th Cir.1987).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.